FORET, Judge.
In this personal injury case, plaintiffs, Alvin Lawrence and his wife, Martha Lawrence, brought suit for injuries sustained by Alvin while a guest on the boat of defendant, Harry Judwin. The jury found no fault on the part of Judwin, which was a proximate cause of the boating accident from which the Lawrences suffer. The Lawrences appeal a judgment in favor of defendants-appellees, Harry Judwin and his liability insurer, New Hampshire Indemnity Company.
The only issue presented is whether Jud-win was negligent.
FACTS
In the late morning of September 20, 1987, plaintiff, Alvin Lawrence, and defendant, Harry Judwin, went on a fishing trip out of Cameron, Louisiana, on Judwin’s 18-foot bowed boat. Judwin steered the boat from its rear. Lawrence sat in the front of the boat and faced backwards.
After unsuccessfully fishing near the jetties, close to the mouth of the Calcasieu River, the parties proceeded in a northerly direction in the Calcasieu Ship Channel where they fished. At about 4:00 o’clock P.M., Lawrence and Judwin completed their fishing. They packed up their gear. At that time, they planned to return to Cameron.
The weather was clear at that time. Lawrence testified that a noticeably strong wind blew and that the ship channel was rough. Lawrence was also cognizant of waves and their effects on fishing boats. However, Lawrence opined that there was no need for him to hold onto the boat railing and he did not do so. On the other hand, Judwin opined that the wind and ship channel were somewhat choppy.
Judwin checked the sea conditions and found them to be normal and unalarming. There were no other boats in the area. No big waves or series of big waves had hit the boat. Lawrence and Judwin had fished many times, and Judwin had fished in that area forty to fifty previous times.
Judwin full throttled the boat in an attempt to plane the boat. Before the boat had planed, Lawrence flew up and fell on his back and his knees.
LAW
Negligence is conduct which falls below the standard established by law for the protection of others against an unreasonable risk of harm. For the protection of passengers, the owner of a fishing vessel owes a duty to exercise reasonable care. Duplantis v. Farm Bureau Ins. Co., 486 So.2d 974 (La.App. 1 Cir.1986).
“... [Njegligence is not presumed, and the burden of proving negligence by a preponderance of the evidence rests on *157 the party alleging it. The proof of negligence may be by direct or circumstantial evidence; however, a party relying on circumstantial evidence has borne his burden of proof only if the evidence taken as a whole shows that the defendant’s fault was the most plausible cause of [the plaintiff’s] injury.”
Henry v. State, Dept. of H & H Res., 482 So.2d 962, 965 (La.App. 3 Cir.1986).
We conclude that plaintiff Lawrence has failed to prove by a preponderance of the evidence that defendant Judwin’s negligence caused him to fall and injure his back. The testimony of the only two witnesses, Lawrence and Judwin, was unsup-portive of a finding that Judwin was negligent. There was no direct evidence of the cause(s) or possible cause(s) of Lawrence’s fall. The testimony of those two witnesses only speculated as to what possibly occasioned the fall.
The testimony did not show that Judwin’s negligence was the most plausible cause of Lawrence’s fall. We thus conclude that the doctrine of res ipsa loquitur is inappropriate in this case.
Probabilities, surmises, speculations, and conjectures cannot be accepted as sufficient grounds to justify a recovery by defendant. The mere fact that an accident occurred does not necessarily infer that someone was negligent.
Proof of negligence is a question of fact to be determined by the trier of fact. Such a jury determination will not be altered in the absence of manifest error.
From an examination of the transcript on appeal, we find that plaintiff did not bear his burden of proving that defendant Jud-win was negligent. Accordingly, we affirm the judgment of the trial court.
Costs of this appeal are to be borne by plaintiffs-appellants, Alvin Lawrence and Martha W. Lawrence.
AFFIRMED.